UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD P. KRETT,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

Defendant.

CASE NO. C13-0131RSL

ORDER DENYING MOTION TO BIFURCATE PROCEEDINGS

This matter comes before the Court on "Defendant Allstate Insurance Company's Motion to Bifurcate." Dkt. # 14. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Plaintiff was involved in a car accident in April 2008. The other driver, Michael Ray, paid plaintiff the $50,000 limit of his automobile insurance policy. Plaintiff contends that this amount did not fully compensate him for injuries sustained in the accident and submitted a claim for underinsured motorist ("UIM") benefits to his own insurer, defendant Allstate. When the parties could not reach agreement regarding the payment of UIM benefits, plaintiff filed this action alleging that Allstate breached the insurance policy and handled the UIM claim in bad faith.

Allstate has moved to bifurcate, requesting that the Court stay discovery and trial of the bad faith claims until the UIM claim has been resolved. Allstate argues that the

cause and value of plaintiff's claimed injuries can and should be resolved without reference to Allstate's claim file and any privileged materials contained therein and that the sequential consideration of the two types of claims will promote judicial economy.

Rule 42(b) of the Federal Rules of Civil Procedure governs bifurcation:

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. . . .

A court's decision on bifurcation is committed to its discretion. Danjaq LLC v. Sony Corp., 263 F.3d 942, 962 (9th Cir. 2001). Nonetheless, separate trials are the exception, not the rule, and this Court will not bifurcate without a good reason. Bifurcation is occasionally in everyone's interest. For example, when a first trial on relatively straightforward issues might (depending on the outcome) eliminate the need for a trial on more complex issues, bifurcation may be ordered. Karpenski v. Am. Gen. Life Cos., 916 F. Supp.2d 1188, 1190 (W.D. Wash. 2012) (where recission claim would dispose of the entire case, determining whether a contract exists in the first place should be determined first). Similarly, where a case presents one set of issues that can be conveniently tried to a jury and another set that can be conveniently tried to the court, bifurcation may be appropriate. Tavakoli v. Allstate Property & Cas. Ins. Co., 2012 WL 1903666, at *7 (W.D. Wash. May 25, 2012). A court can also bifurcate where the evidence necessary to prove one claim poses a significant threat of confusing or prejudicing the jury as it considers other claims. Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982).

Allstate offers three justifications for bifurcation. First, it contends that the issues and evidence required to resolve the UIM benefitis claim are completely separate and distinct from that involved in litigating the bad faith claims. Second, it contends that the introduction of documents from Allstate's claim file showing its determinations regarding causation and valuation would be unfair to Allstate and/or would prejudice the jury's consideration of those issues. Finally, Allstate argues that bifurcation will promote

judicial economy because if the first jury were to find that plaintiff's injuries were not causally related to the April 2008 accident or that he had already been fully compensated for the injuries suffered, there would be no need for a second-phase trial on the bad faith issues.

The first justification is unpersuasive. The Court does not, as a matter of course, bifurcate into separate trials every case in which distinct claims are asserted or which raise successive potentially dispositive issues. In the run-of-the-mill case, the time and expense associated with multiple discovery periods and trials outweighs any benefits from bifurcation, even if the claims asserted rely on different theories and/or require different evidence. In this case, the line between the two types of claims is not as wide or bright as Allstate would have it. Although Allstate argues that its claim file is completely irrelevant to plaintiff's UIM claim, there is no reason to assume that is true. If, for example, Allstate obtained a statement from the police officer who investigated the accident or plaintiff's physician regarding plaintiff's injuries, the statement could be relevant to both causation and the sufficiency of Allstate's claims handling processes.

Allstate's second concern carries more weight. In the course of considering plaintiff's claim, it is likley that Allstate's employees offered their own causation and valuation opinions regarding plaintiff's injuries. Those evaluations are now part of Allstate's claim file, along with documentation regarding Allstate's negotiating positions as it attempted to settle plaintiff's UIM claim. What value an adjuster placed on plaintiff's claim is of little or no relevance to what value the jury assigns, yet admission of such evidence could prejudice the jury's consideration of the issue. If the only issue to be tried were plaintiff's claim for UIM coverage, some documents in the claim file may be subject to a privilege, inadmissible under Fed. R. Ev. 408, and/or prejudicial. The same evidence would be admissible, however, if the triable issues included whether

Allstate acted in bad faith by refusing to make a reasonable offer of compensation to its insured.

Bifurcation is not the only means by which the Court can ameliorate the risk of prejudice or jury confusion, however. The Court routinely instructs juries to disregard evidence for one purpose while considering it for another. If the admission of certain evidence would be so confusing or prejudicial that it could not be cured by instruction, the Court can simply exclude the evidence and/or divide a single trial into consecutive phases. These alternatives are not exhaustive, but simply show that bifurcation is not always necessary to avoid the ills posited by defendant.

Finally, Allstate argues that bifurcation would promote judicial efficiency. The Court disagrees. Even if the first jury were to find that Allstate did not breach the coverage provisions of the UIM policy, that would not necessarily dispose of plaintiff's bad faith claims. Insurers can act in bad faith even where they properly deny coverage or compensation to their insureds. See Coventry Assocs. v. Am. States Ins. Co., 136 Wn.2d 269, 277-80 (1998) (reviewing examples of bad faith liability despite proper claim denial). Moreover, a violation of Washington's insurance regulations may, in some circumstances, constitute bad faith regardless of the coverage determination. Tank v. State Farm Fire & Cas. Co., 105 Wn.2d 381, 386 (1996). Allstate has not demonstrated that plaintiff's bad faith claim hinges on proof of an improper denial of benefits.

Given that a second phase would likely be necessary in any event, it is difficult to discern any benefit that would arise from bifurcating discovery and conducting two trials. The burdens of such a procedure, however, are obvious. It is much more expensive and time consuming to resolve an action in two separate phases, particularly where Allstate insists not only on separate trials, but on partitioning (or attempting to partition) discovery. Although the increased expenses and time required for a two-phase proceeding would fall on both parties, they would likely weigh more heavily on plaintiff

given Allstate's superior financial resources. From the Court's perspective, overseeing two rounds of discovery disputes, dispositive motions, jury selection/instruction, and trial would be far less efficient and economical than trying all of plaintiff's claims together.

For all of the foregoing reasons, the Court concludes that bifurcation is not necessary to avoid prejudice to Allstate and that the proposed procedure would likely increase costs and inefficiencies for the parties and the Court. Allstate's motion to bifurcate (Dkt. # 14) is therefore DENIED.

DATED this 26th day of September, 2013.

Robert S. Lasnik
United States District Judge